IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKY M. BURAS | § | PLAINTIFF |
| | § | |
| | § | |
| V. | § | Civil No. 1:12CV232-HSO-RHW |
| | § | |
| | § | |
| REGIONS BANK | § | DEFENDANT |

## ORDER *SUA SPONTE* DISMISSING CASE

This cause is before the Court *sua sponte*. Having reviewed Plaintiff's Complaint [1] and Amended Complaint [5], the Court finds that they fail to state a claim, and that this case should be dismissed.

## I. BACKGROUND

Plaintiff initiated this action by filing his Complaint [1] on July 30, 2012, naming Regions Bank as the sole Defendant. The Complaint charges that Defendant violated Plaintiff's Fourteenth Amendment rights when an employee at a branch in Picayune, Mississippi, apparently asked him to "remove [his] gentleman's hat" when he entered the bank, "or they would not cash [his] check." Compl. [1], at p. 1. Plaintiff apparently believes that this incident was recorded by the bank's video surveillance system. *Id.* Plaintiff also contends that Defendant violated his civil rights and discriminated against him. *Id.* at p. 2. Plaintiff states that he "was singled out as somebody to rob the bank." *Id.* at p. 3.

After liberally construing Plaintiff's *pro se* Complaint [1], the Court

determined that it failed to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6). Order [3], at pp. 1-2. The Court afforded Plaintiff an opportunity to file an amended pleading, which he did on September 10, 2012. Plaintiff's Amended Complaint [5] again simply alleges that he "had a right to wear his hat in the bank," and that he was subject to "wrongful search and seizure by video camera."

## II. <u>DISCUSSION</u>

When reviewing a *pro se* plaintiff's complaint, courts must construe the plaintiff's allegations liberally. *Pro se* status, however, does not give plaintiffs a prerogative to file meritless claims. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts can *sua sponte* dismiss *pro se* suits if the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) ("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.").

To withstand dismissal, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted). However, those facts, "taken as true, [must] state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254

(5th Cir. 2011) (citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff apparently attempts to charge Defendant with: (1) discrimination in violation of his civil rights; (2) a violation of the Equal Protection Clause of the Fourteenth Amendment; and (3) unlawful search and seizure in violation of the Fourth Amendment. In his original Complaint [1], he stated that he sought monetary damages in the amount of $300,000.00. Compl. [1], at p. 4.

Plaintiff's second and third claims reach only state actors, or those private actors whose conduct constitutes state action under color of law. *See, e.g., Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 257 (2009) ("The Equal Protection Clause reaches only state actors . . . ."); *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001) (regarding a claim for false arrest and unlawful search and seizure in violation of the Fourth Amendment, "for a plaintiff to state a viable claim under § 1983 against any private defendant, . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law"). Defendant is clearly not a state actor. Nor does Plaintiff allege that Defendant was acting under the color of any statute, ordinance, regulation, custom, or usage of any state. *See* 42 U.S.C. § 1983. Accordingly,

Plaintiff fails to state a claim upon which relief may be granted.

As for Plaintiff's discrimination claim, the Civil Rights Act of 1964 prohibits "discrimination or segregation on the ground of race, color, religion, or national origin" in places of public accommodation. 42 U.S.C. § 2000a. While Plaintiff maintains that he was discriminated against, he does not state on what ground the purported discrimination occurred. He states that he "had a right to wear his hat in the bank." Am. Comp. [5], at p. 1. This is not a ground which would give rise to a claim under the Civil Rights Act.

Having liberally construed Plaintiff's *pro se* Complaint [1] and Amended Complaint [5], the Court finds that both fail to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6). The Court has afforded Plaintiff the opportunity to amend his pleading, and he was nevertheless unable to state a claim.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that this civil action is **DISMISSED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that any remaining pending Motions are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 9th day of October, 2012.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE